UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

                                          **DECISION AND ORDER**
                                                  10-CR-158S

AARMON ASKEW,

                Defendant.

        On July 19, 2010, Defendant Aarmon Askew waived indictment and pleaded guilty to a single-count information charging him with conspiring to possess with the intent to distribute, and to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 as it relates to §§ 841 (a)(1) and (b)(1)(A). (Docket Nos. 5-7.) About seven months later, on March 3, 2011, this Court sentenced Askew to, *inter alia*, 78 months' imprisonment to be followed by 5 years' supervised release. (Docket Nos. 23, 24.) Subsequently, on May 14, 2015, this Court reduced Askew's sentence to 57 months' imprisonment and 5 years' supervised release under 18 U.S.C. § 3582 (c)(2) based on a guidelines sentencing range that was lowered and made retroactive by the United States Sentencing Commission. (Docket No. 33.)

        After serving his sentence, Askew commenced supervision on October 19, 2015. On March 4, 2020, this Court issued a warrant for Askew's arrest after the Probation Office submitted a Petition for Offender Under Supervision ("Violation Petition"). (Docket No. 43.) The Violation Petition charges Askew with violating the terms of his supervised release by committing another federal, state, or local crime. (Id.) In particular, the

1

Niagara Falls Police Department arrested Askew on March 3, 2020, and charged him with Assault with Intent to Cause Physical Injury with a Weapon in the 2d Degree (a Class C felony) and Harassment in the 2d Degree (a criminal violation), both in violation of New York penal law.  (Id.)   Askew is currently in custody at the Niagara County Jail.

Presently before this Court is Askew's motion for release from custody premised on the COVID-19 pandemic.   Askew maintains that his continued detention places him at heightened risk to contract COVID-19, and therefore, he should be released on conditions pending the outcome of his state charges and the Violation Petition.   (Docket No. 50.)   The government opposes Askew's motion.

Askew's custody is governed by Rule 32.1 of the Federal Rules of Criminal Procedure.   That rule provides that a defendant may be released or detained under 18 U.S.C. § 3143 (a)(1) pending further proceedings.   See Rule 32.1 (a)(6).   With certain exceptions, § 3143 (a)(1) requires that a defendant be detained, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.   By rule, "[t]he burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."   Rule 32.1 (a)(6).

Askew has been detained thus far because both the Magistrate Judge and this Court have determined that he has not overcome the presumption of detention with clear and convincing evidence that he is neither a flight risk nor a danger to another person or the community.   (Docket Nos. 44, 48.)   Nothing in Askew's present motion challenges

2

or changes that determination.  The incident that forms the basis for the Violation Petition involves allegations that Askew accused his wife of being unfaithful, beat her with his fists, and then repeatedly hit her with a shovel.  (Docket No. 43.)  When officers responded to the scene, Askew had blood on his shorts, there was blood on the porch, and Askew's wife had been taken to Niagara Falls Memorial Hospital.  (Id.)  Askew allegedly refused to identify himself to officers, retreated into his residence, and subsequently threatened that "he wasn't coming out and there would be a war if they came in."  (Id.)  Once officers decided to forcibly enter the residence, Askew was gone.  (Id.)  After the incident, Askew contacted his probation officer and admitted to having an altercation with his wife over cheating allegations, during which he punched her in the face.  (Id.)

There being no change in circumstances concerning the allegations in the Violation Petition, this Court continues to find that Askew remains a danger to both another person and the community.  Detention must therefore be maintained.  As serious as it is, the outbreak of COVID-19 does not override the statutory provisions governing detention. Even so, Askew is not particularly vulnerable to contracting the virus—he admits he is a young man in good health—and there have been no confirmed cases of COVID-19 among the inmate population at Niagara County Jail that this Court is aware of as of this writing.  See United States v. Rivera-Figueroa, 17-CR-183, 2020 WL 1921221, at *2 (W.D.N.Y. Apr. 21, 2020) (denying release pending sentencing to young inmate in good health at Niagara County Jail and finding, with no confirmed cases among the inmate population, that "Niagara County Jail now appears to be a relatively safe, uncontaminated environment").  Consequently, Askew's motion for release from custody is denied.

3

IT HEREBY IS ORDERED, that Defendant's Motion for Release from Custody (Docket No. 50) is DENIED.

SO ORDERED.

Dated: May 4, 2020
       Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
